# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEALER COMPUTER SERVICE, INC., | CASE NO. CV F 12-1970 LJO SKO |
| Plaintiff, | (Docs. 3,10.) |
| vs. | **ORDER TO DENY TRO** |
| MONARCH FORD, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Dealer Computer Services, Inc. ("DCS") seeks an ex parte temporary restraining order ("TRO") to prohibit defendant Monarch Ford's sale of assets. DCS' papers raise several concerns discussed below to warrant denial of a TRO.

## JURISDICTION AND POWER TO ACT

DCS seeks to invoke this Court's diversity jurisdiction. Although diversity jurisdiction may exist, an issue arises as to the scope and proper exercise of this Court's powers given the parties' pending arbitration.

Arbitration is a way to resolve disputes "that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S.Ct. 1920 (1995). Arbitration clauses limit a court's power: "Our role is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator." *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 479 (9th Cir. 1991), *cert. denied*, 503 U.S. 919, 112 S.Ct. 1294

(1992); *see Muh v. Newberger, Loeb & Co., Inc.*, 540 F.2d 970, 972 (9th Cir. 1976) (If the parties have agreed to arbitrate, "the entire controversy must be referred to the arbitrator, including the validity of the contract.") A contractually based arbitration "can be brought to conclusion entirely extrajudicially, and . . . the judiciary's supervision is limited to confirming, vacating, or correcting any resultant award." *Jordan-Lyon Productions, Ltd. v. Cineplex Odeon Corp.*, 29 Cal.App.4th 1459, 1468, 35 Cal.Rptr.2d 200, 205 (1994)*; Brock v. Kaiser Foundation Hospitals*, 10 Cal.App.4th 1790, 1806, 13 Cal.Rptr.2d 678 (1992).

Moreover, the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241 (1985)

The parties' arbitration is contractually based. This Court is bound to defer to the arbitration but is authorized "to issue equitable relief in aid of arbitration." *Toyo Tire Holdings Of Americas Inc. v. Continental Tire North,* 609 F.3d 975, 980 (9th Cir. 2010). A "district court may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process—provided, of course, that the requirements for granting injunctive relief are otherwise satisfied." *Toyo Tire Holdings,* 609 F.3d at 980.

DCS fails to demonstrate that its requested TRO is necessary to preserve the status quo and meaningfulness of the arbitration process. As discussed below, DCS does not satisfy TRO requirements. The gist of DCS' requested TRO is to attempt to quarantine a potential source of recovery if it prevails in arbitration without first exhausting legal remedies. As such, this Court is unpersuaded that arbitration is not the proper forum for DCS to seek its requested injunctive relief, especially given the lack of analysis of governing arbitration rules and Court need to foster the arbitration process.

Moreover, DCS asks this Court for the provisional remedy of attachment and relies on California Code of Civil Procedure section 1281.8(b). However, the statute fails to invoke this Court's jurisdiction or powers in that it references a "court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court." Since the arbitration proceeds in Texas, this Court is not in the county or federal district where the arbitration proceeds.

**Notice**

This Court is further concerned about inadequacy of notice to Monarch Ford and defendant PHC, Inc. The record reveals that the defense arbitration counsel was not provided notice. *See* F.R.Civ.P. 65(b)(B).

**TRO Standards And Factors**

F.R.Civ.P. 65(b) permits a TRO "only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." F.R.Civ.P. 65(b)'s requirements are "stringent," and temporary restraining orders that are granted ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438-39, 94 S.Ct. 1113 (1974); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365 (2008). As such, a court may grant such relief only "upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22, 129 S.Ct. 365. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Winter*, 555 U.S. at 22, 129 S.Ct. 365. In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24,129 S.Ct. at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531 542 (1987)); *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 572 F.3d 644, 651 (9th Cir. 2009).

DCS provides insufficient information to demonstrate its likely success on the merits. As noted above, there was questions whether this Court is empowered to issue requested provisional relief. Moreover, DCS merely gives an overview of its claims and asks this Court to agree that DCS is likely to recover a $1 million arbitration award. DCS offers no meaningful analysis of its projected success or calculation of alleged damages.

1   In addition, DCS fails to demonstrate that monetary relief is an insufficient remedy to require the extraordinary remedy which its requested TRO seeks. "Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 129 S.Ct. at 375) (noting that the Supreme Court in *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test). "[T]o demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3rd Cir.1992); *see e.g., Weinberger v. Romero–Barcelo*, 456 U.S. 305, 102 S.Ct. 1798 (1982).

For injunctive relief, "[i]t is usually enough if the plaintiff shows that its legal remedies are inadequate." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 18 (1st Cir.1996); *see Weinberger v. Romero–Barcelo*, 456 U.S. at 312, 102 S.Ct. at 1803. "If the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel." *Ross-Simons*, 102 F.3d at 18. "Inadequate remedy at law does not mean wholly ineffectual; rather, the remedy must be seriously deficient as compared to the harm suffered." *Foodcomm Intern. v. Barry*, 328 F.3d 300, 304 (7th 2003).

"Typically, monetary harm does not constitute irreparable harm." *Cal Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009). "Economic damages are not traditionally considered irreparable because the injury *can later be remedied by a damage award*." *Cal Pharmacists,* 563 F.3d at 852 (italics in original).

In the arbitration, DCS seeks economic damages which have yet to be awarded. Those damages remain available to DCS if it succeeds. This Court is unable to presuppose DCS' success and attempt to guarantee it a ready source of recovery.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES DCS a TRO.

IT IS SO ORDERED.

Dated:   December 5, 2012              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE