UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEALER COMPUTER SERVICES, INC., f/k/a FORD DEALER COMPUTER SERVICES, INC., <br><br>Plaintiff, <br><br>v. <br><br>MONARCH FORD and PHD, INC., <br><br>Defendants. | 1:12-CV-01970-LJO-SKO <br><br>**ORDER DENYING MOTION TO DISMISS (DOC. 15) BUT DISMISSING CASE SUA SPONTE WITHOUT LEAVE TO AMEND.** |

## I. INTRODUCTION

This case concerns contractual dispute between Plaintiff Dealer Computer Services, Inc. ("DCS") and Defendant Monarch Ford ("Monarch"), a wholly owned subsidiary of Defendant PHD, Inc., over the provision to Monarch of DCS's proprietary "Dealer Management System," a computer hardware and software package designed to manage the day-to-day operations of an automobile dealership, pursuant to a September 3, 1993 contract (the "Agreement"). Plaintiff alleges Monarch breached and/or repudiated the Agreement. Doc. 1. It is undisputed, however, that the Agreement contains an arbitration clause and that, in 2010, pursuant to that clause, DCS filed a demand for arbitration. It is also undisputed that the arbitration is currently pending in Houston, Texas.

On November 30, 2012, Plaintiff filed a Complaint in this Court, alleging a cause of action for breach of contract and requesting the provisional remedy of attachment. Doc. 1. Simultaneously,

Plaintiff filed an "Ex Parte Application for Provisional Remedy," requesting issuance of a provisional writ of attachment without notice because Monarch had recently published a bulk sales notice informing the public that it intended to sell off all of its assets by December 5, 2012. Doc. 2. Also that same day, Plaintiff filed a document entitled "Application to Stay Proceedings Pending Arbitration," requesting a stay of "all proceedings in this action, other than its Application for Preliminary Injunctive Relief and Temporary Restraining order and Application for ex parte provisional Relief pending the completion of the parties' arbitration." Doc. 3. Plaintiff failed to pay the required filing fee until December 3, 2012, at which time this case was opened. Docs. 4-9. On December 4, 2012, Plaintiff filed a request for a temporary restraining order ("TRO") seeking to halt the sale of Monarch's assets until the Court could rule on its application for ex parte provisional relief. Doc. 11. A December 5, 2012 Order denying the TRO request questioned, among other things, whether this Court has jurisdiction to hear Plaintiff's California Code of Civil Procedure 1281.8(b) request for a provisional remedy during a pending arbitration. Doc. 12.

Before the Court for decision is Defendants' motion to dismiss, which argues: (1) the Court lacks subject matter jurisdiction over this action because the parties agreed to arbitrate the dispute; (2) the Parties agreed to proceed in state court, in Detroit, Michigan; (3) the Parties also agreed that the Agreement would be interpreted pursuant to Michigan law, not the California statutes cited by Plaintiff; (4) the contract claim is time-barred. The motion does not specify upon which sub-part(s) of Federal Rule of Civil Procedure 12 Defendants rely, but these arguments appear to invoke Rule 12(b)(1)(lack of subject-matter jurisdiction), 12(b)(3)(improper venue); and 12(b)(6)(failure to state a claim). Plaintiff filed an opposition. Doc. 15. The matter was submitted for decision without oral argument pursuant to Local Rule 230(g).

//

//

2

## II. DISCUSSION

**A.   Subject Matter Jurisdiction.**

Defendants first argue that this Court lacks subject matter jurisdiction over this action because the parties agreed to arbitrate this dispute. Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject-matter jurisdiction." Faced with a Rule 12(b)(1) motion, a plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968–69 (9th Cir. 1981). In a facial attack upon subject matter jurisdiction, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). In such an attack, "[t]he factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Id.*

Plaintiff, a Delaware corporation with its principle place of business in Houston, Texas, properly invokes this Court's diversity jurisdiction over its contract-based claims, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000 dollars. *See* 28 U.S.C. § 1332; Doc. 1. Although neither party invokes or mentions the Federal Arbitration Act ("FAA"), it is relevant insofar as it permits a party to "any suit or proceeding ... brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration" to request a stay "until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Although it less than common for a plaintiff already actively arbitrating a contract dispute to file a contract claim in federal court along with a request to stay that claim, the Court is unaware of any rule absolutely precluding such a procedural approach.

Likewise, Plaintiff's second claim seeks the provisional remedy of attachment, invoking both Federal Rule of Civil Procedure 64 and Cal. Civ. Proc. Code §§ 481. Defendants have not cited and the Court is unaware of any authority that demonstrates this Court lacks subject-matter jurisdiction over such a request in a diversity action. Whether this allegation fails to state a claim under Rule 12(b)(6) is addressed separately below.

Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

**B.      Venue.**

Defendants next argue that the parties agreed that any disputes over the Agreement would be resolved in state court in Detroit, Michigan, citing Section 17.B of the Agreement, which provides that, once arbitration is initiated, each Party may choose one of a panel of three arbitrators. If the two chosen arbitrators cannot agree upon a third, the third arbitrator will be chosen by a "District Judge serving [in] Wayne County, Michigan." This appears to be an attempt by Defendants to argue that the agreement contained a forum selection clause. A motion to enforce a forum selection clause is treated as a motion to dismiss pursuant to Rule 12(b)(3), in which pleadings need not be accepted as true, and facts outside the pleadings may be considered. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

In interpreting a forum selection clause, courts look to "general principles for interpreting contracts." *Id*. (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir.1999)). "Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id*. Here, the agreement indicates only that a Wayne County, Michigan judge should choose the third arbitrator. Defendants cite no authority to support a reading of the agreement that would confine the forum (even for the arbitration itself) to Michigan.

Defendants' motion to dismiss for improper venue is DENIED.

4

**C.    Choice of Law.**

Defendants next point out, correctly, that the agreement contains the following choice of law provision: "This Agreement shall be governed by the laws of the State of Michigan." Agreement § 18.C. Defendants argue that this provision precludes Plaintiff's request for "provisional remedies utilizing the laws of the State of California." Doc. 14 at 3.

This aspect of Defendants' motion amounts to a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a writ of attachment is sought in California, California law governs whether the writ may issue, even if the parties have agreed that the law of another jurisdiction shall govern interpretation of their agreement. *Blastrac, N.A. v. Concrete Solutions & Supply*, 678 F. Supp. 2d 1001, 1006 n.4 (C.D. Cal. 2010) (California law controlled issuance of writ of attachment even though choice of law provision indicated agreement was governed by Colorado law).

Defendants' motion to dismiss on this ground is DENIED.

//

//

**D.     Time Bar.**

Finally, Defendants argue that the contract claim is time-barred because of the following language in the arbitration provision:[1]

> In no event shall the demand for arbitration be made more than one (1) year after the claim or cause of action arises.

Agreement, § 17.E. As with the third arbitrator selection language discussed above, this provision <u>only</u> concerns the <u>arbitration process</u>. It does not operate as a statute of limitations controlling Plaintiff's right to bring a contract claim.

Defendants' motion to dismiss on the ground that the contract claim is time-barred is DENIED.

**E.     Sua Sponte 12(b)(6) Dismissal.**

Even though Defendants' motion to dismiss must be denied, a court may dismiss a complaint pursuant to Rule 12(b)(6) on its own motion. *See Omar v. Lea–Lane Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

Plaintiff's second claim seeks the provisional remedy of attachment. The Complaint invokes Federal Rule of Civil Procedure 64 and California Civil Procedure Code § 481.[2] This claim fails as a matter of law on a threshold level. A "district court may issue interim injunctive relief on arbitrable claims if interim relief is necessary to preserve the status quo and the meaningfulness of the arbitration process – provided, of course, that the requirements for granting injunctive relief are otherwise satisfied." *Toyo Tire Holdings of Am. Inc. v. Continental Tire North*, 609 F.3d 975, 980 (9th Cir. 2010). However, where an arbitration panel has already been empaneled and that tribunal has the power to grant the injunctive relief sought, a federal court may intervene only in a very narrow circumstance, namely, if a party has already petitioned the arbitrator for injunctive relief and a provisional remedy is

---

[1] This argument is also a challenge to the sufficiency of the allegations in the complaint governed by Rule 12(b)(6).

[2] This appears to be a mistaken reference to Cal. Code Civ. P. § 481.010, et seq., the procedures that govern issuance of a writ of attachment.

6

necessary to maintain the status quo "until the arbitral panel can consider and rule upon [the] application for interim relief." *Id*.

Here, the record establishes that arbitration is underway in Houston, Texas, and that the final hearing took place November 27-30, 2012. *See, e.g.*, Doc. 1 at ¶¶ 20-21; Doc. 11 at 5. The arbitration is proceeding under the rules of the American Arbitration Association ("AAA"), Doc. 1 at ¶ 18, which indisputably provide a procedure for seeking interim injunctive relief, *see* AAA Commercial Arbitration Rules, R-34.[3] Yet, Plaintiff has nowhere alleged or even suggested that it has applied to the arbitral panel for injunctive relief. Under *Toyo Tires*, such relief is therefore unavailable in this court, and the claim for attachment must therefore be DISMISSED.

Moreover, the Complaint indicates that the sale of Monarch's assets was to be complete by December 5, 2012. Attachment "is a remedy by which a plaintiff with a contractual claim to money (not a claim to a specific item of property) may have <u>various items of a defendant's property</u> seized before judgment and held by a levying officer for execution after judgment." *Waffer Int'l Corp. v. Khorsandi*, 69 Cal. App. 4th 1261, 1271, (1999) (emphasis omitted); *Blastrac, N.A. v. Concrete Solutions & Supply*, 678 F. Supp. 2d 1001, 1004 (C.D. Cal. 2010). Given that the property in question has already been sold, Plaintiff's second claim is moot and may be dismissed alternatively on that ground.

Where a complaint and the attached exhibits demonstrate that all of plaintiff's claims are subject to arbitration, a court may dismiss the complaint under Rule 12(b)(6). *Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1176 (C.D. Cal. 2008) (citing *Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.,* 368 F.3d 1053, 1060 (9th Cir.2004); *Chappel v. Laboratory Corp. of America,* 232 F.3d 719, 725 (9th Cir. 2000)). Indeed, even where a party moves to stay litigation pending arbitration under the Federal Arbitration Act, 9 U.S.C. § 3, the district court has discretion to dismiss the complaint

---

[3] It is appropriate for the Court to take judicial notice of these rules, which are available at: http://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004103&revision=latestreleased (last visited, January 25, 2013), as they are not subject to dispute and are capable of accurate and ready verification. *See* Fed. R. Evid. 201(b); *Price v. HotChalk, Inc.*, 2010 WL 5137896, *1 (D. Ariz., Dec. 10, 2010).

if it finds all of the claims before it are arbitrable. *See id.* (citing *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir.1988)). Here, there is no dispute that Plaintiff's first claim for breach of contract is subject to arbitration. As it is the only remaining claim in the case, this Court may and does dismiss the complaint under Rule 12(b)(6). This dismissal is WITHOUT leave to amend, as any amendment to Plaintiff's request for attachment is moot. Moreover, Plaintiff has been afforded ample opportunity to establish his entitlement to provisional relief in this Court and has failed to do so.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is DENIED, but the entire complaint is DISMISSED WITHOUT LEAVE TO AMEND *sua sponte* on the Court's own motion. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 25, 2013**            /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE